UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EBONY CRYSTAL MALCOM,

     Petitioner,                               Case No. 15-11175

v.

                                      HON. AVERN COHN

ANTHONY STEWART,

     Respondent.

_____/


**MEMORANDUM AND ORDER DISMISSING THE PETITION WITHOUT PREJUDICE AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I. Introduction**

       This is a habeas case under 28 U.S.C. § 2254. Petitioner Ebony Crystal Malcom (Petitioner) is a state inmate who is currently confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan. Petitioner filed a pro se petition for a writ of habeas corpus challenging her convictions for operating a criminal enterprise, two counts of false pretenses with intent to defraud, nine counts of forgery, nine counts of uttering and publishing, seventeen counts of identity theft, and one count of recording a false conveyance of realty. As will be explained, although this is Petitioner's third habeas petition filed in this district, she still has not fully exhausted her state court remedies. Therefore, the petition, like her prior two petitions, will be dismissed without prejudice so Petitioner may fully exhaust all of her claims.

## II.  Background

While awaiting trial, Petitioner filed her first habeas petition in this district. The petition was dismissed without prejudice on exhaustion grounds because Petitioner's criminal case was pending in the trial court.  Malcom v. Napoleon, No. 13-10332, 2013 WL 980204 (E.D. Mich. Mar. 13, 2013).  Petitioner was subsequently convicted by a jury as described above.

Following her convictions, Petitioner filed a complaint for writ of habeas corpus with the Michigan Court of Appeals, which was denied.  In Re Malcom, No. 315499 (Mich.Ct.App. June 6, 2013).  Petitioner filed a second complaint for writ of habeas corpus, which was also denied. Malcom v. Warren, No. 319875 (Mich.Ct.App. May 21, 2014); lv. den. 496 Mich. 868 (2014).

Petitioner also filed an appeal of right with the court of appeals.  The court of appeals affirmed her conviction.  People v. Malcom, No. 315265; 2014 WL 3547236 (Mich.Ct. App. July 17, 2014).

During the pendency of her appeal of right, Petitioner filed a second petition for writ of habeas corpus in this district.  It too was dismissed without prejudice on the ground that petitioner failed to exhaust her state court remedies.  Malcom v. Warren, No. 2:14-CV-13059, 2014 WL 4272788, at *1 (E.D. Mich. Aug. 29, 2014); reconsideration denied, No. 14-CV-13059, 2014 WL 5605087 (E.D. Mich. Nov. 4, 2014).

On March 3, 2015, the Michigan Supreme Court denied Petitioner's application for leave to appeal from her appeal of right.  People v. Malcom, 859 N.W.2d 515 (2015).

On March 20, 2015, Petitioner filed her third petition for writ of habeas corpus in

this district.[4]

Although Petitioner's claims are difficult to understand, it appears she is seeking habeas relief on the following grounds:

I.  The state court lacked jurisdiction to prosecute petitioner because it is not an Article III court.

II.  The state trial court lacked jurisdiction over petitioner's case because she was illegally arrested.

III.  Petitioner was denied her Sixth Amendment right to the counsel of her choice.

IV.  The trial judge improperly departed above the sentencing guidelines range.

V.  Petitioner was denied a fair trial and sentencing because the judge was biased against her.

VI.  First Amendment violation.  The state trial judge expressed her dislike against petitioner for exercising her constitutional rights.

VII.  Petitioner's Fifth Amendment rights were violated because her case was never presented to a grand jury for an indictment.

VIII.  8th Amendment violation.  Excessive bail was set by the judge.

IX.  13th Amendment violation.  Petitioner's Thirteenth Amendment rights were violated because she was placed in custody prior to being convicted.

X.  Due Process violation.  Petitioner was never given any notice of the charges against her by the State of Michigan, as required by the Foreign Sovereign Immunities Act.  In addition, the Michigan state officials violated Mich. Comp. Laws § 600.4352 by failing to show cause for petitioner's current restraint.

XI.  The state courts erred in denying petitioner's state habeas applications.

---

[4]Under the prison mailbox rule, this Court will assume that petitioner actually filed her habeas petition on March 20, 2015, the date that it was signed and dated.  See Towns v. U.S., 190 F. 3d 468, 469 (6th Cir. 1999).

### III.  Discussion

The petition must be dismissed because it contains a number of claims which were not properly exhausted with the state courts.  As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c).  See Picard v. Connor, 404 U. S. 270, 275-78 (1971).  Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. See Wagner v. Smith, 581 F. 3d 410, 415 (6th Cir. 2009).  Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. Id.  A prisoner confined under a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief.  See Matson v. Michigan Parole Bd., 175 F. Supp. 2d 925, 928 (E.D. Mich. 2001).  Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. See Pliler v. Ford, 542 U.S. 225, 230 (2004)(citing Rose v. Lundy, 455 U.S. 509, 510, 522 (1982)).  A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. See Sitto v. Bock, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).  The failure to exhaust state court remedies may be raised sua sponte by a federal district court.  See Benoit v. Bock, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Here, Petitioner has not alleged or indicated that she properly exhausted all of her claims with the state courts.  The only claim that Petitioner raised on her appeal of right before the Michigan Court of Appeals and the Michigan Supreme Court was her

claim that the trial court improperly departed above the sentencing guidelines range.

Although Petitioner may have presented some of her additional claims in one or more of her state habeas actions, this is not sufficient to satisfy the exhaustion requirement. Michigan law provides that an action for writ of habeas corpus may not be brought by or on behalf of persons convicted, or in execution, upon legal process, civil or criminal. See M.C.L. § 600.4310(3). Michigan courts have concluded that habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction. Cross v. Department of Corrections, 103 Mich. App. 409, 414-415 (1981)(citing People v. Price, 23 Mich. App. 663, 669 (1970)). Thus, Petitioner did not satisfy the exhaustion requirement by challenging her conviction in such an action. See Nabors v. Warden, U.S. Penitentiary at Lewisburg, Pa., 848 F.2d 192 (Table), 1988 WL 50635, * 1 (6th Cir. May 23, 1988); see also McPharlin v. Woods, No. 2008 WL 4534234, * 1 (E.D. Mich. October 6, 2008). Moreover, even if Petitioner's two jurisdictional claims amounted to a jurisdictional defect that could properly be challenged in a state habeas action, her other remaining claims have not been properly exhausted with the state courts.

Importantly, Petitioner has an available state court remedy with which to exhaust her claims. Petitioner may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 et seq. raising the unexhausted claims and pursue these claims in the state appellate courts as necessary. See Wagner v. Smith, 581 F. 3d at 419; Mohn v. Bock, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). The unexhausted claims concern a matter of federal law which may warrant further review. These claims should, therefore, be addressed to and considered by, the state courts in the first

5

instance.  Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Moreover, there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending Petitioner's return to the state courts.  The Court notes that there appears to be no statute of limitations problem in dismissing, rather than staying, the petition.  The Michigan Supreme Court denied Petitioner's application for leave to appeal on March 3, 2015.  Because Petitioner did not seek certiorari in the Supreme Court, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) begins to run on the date that the 90 day time period for seeking certiorari with the Supreme Court expires.  See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009).  Thus, Petitioner's judgment would become final, for the purpose of commencing the running of the one year limitations period, on June 1, 2015 and the statute would not expire until a year later, on or about June 1, 2016.  Thus, because Petitioner has an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of Petitioner's state post-conviction proceedings, she is not prejudiced by a dismissal.

### IV.  Conclusion

For the reasons stated above, the petition is DISMISSED WITHOUT PREJUDICE.

Before Petitioner can appeal this decision, if she chooses to appeal, a certificate of appealability must issue.  See Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.  In order to obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, Petitioner is required to show that reasonable jurists could

debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Here, "jurists of reason" would not find it debatable whether the Court was correct in its procedural ruling that Petitioner has failed to exhaust an available state court remedy with respect to her conviction.  Thus, a certificate of appealability is DENIED.

SO ORDERED.


 S/Avern Cohn                                      
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  April 22, 2015
        Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 22, 2015, by electronic and/or ordinary mail.


S/Sakne Chami                        
Case Manager, (313) 234-5160