UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBONY CRYSTAL MALCOM,

    Petitioner,

v.

Case No.15-11175

HON. AVERN COHN

ANTHONY STEWART,

    Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 6)

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Ebony Crystal Malcom (Petitioner) filed a pro se petition for a writ of habeas corpus challenging her convictions for operating a criminal enterprise, two counts of false pretenses with intent to defraud, nine counts of forgery, nine counts of uttering and publishing, seventeen counts of identity theft, and one count of recording a false conveyance of realty. On April 22, 2015, the Court dismissed the petition without prejudice because Petitioner failed to fully exhaust her state court remedies prior to filing the petition. The court also declined to issue a certificate of appealability. (Doc. 4).

Petitioner has filed a request or motion for reconsideration. For the reasons that follow, the motion is DENIED.

II.

E.D. Mich LR 7.1(h)(3) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997)(citing Webster's New World Dictionary 974 (3rd ed. 1988)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. Czajkowski v. Tindall & Associates, P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997).

### III.

Petitioner says that the Court erred in dismissing the petition on exhaustion grounds. Petitioner says that she did properly exhaust her sentencing guidelines and jurisdictional claims with the state courts. Other than conclusory allegations, Petitioner provides no proof that she properly exhausted all of the claims that she raised in her petition. Thus, reconsideration is not warranted on this ground.

Petitioner also says that full exhaustion of these claims is sufficient to present the remaining claims contained in her petition for habeas review. Petitioner's assertion is incorrect. Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. See Pliler v. Ford, 542 U.S. 225, 230 (2004)(citing Rose v. Lundy, 455 U.S. 509, 510, 522 (1982)). Because Petitioner's remaining claims are unexhausted, the petition was properly dismissed.

Overall, Petitioner has not established that the Court erred in dismissing the petition without prejudice for failure to exhaust.

SO ORDERED.

                         s/Avern Cohn  
                         AVERN COHN  
                         UNITED STATES DISTRICT JUDGE

Dated: May 21, 2015

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 21, 2015, by electronic and/or ordinary mail.

                         s/Sakne Chami  
                         Case Manager, (313) 234-5160